IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY BERNARD SMITH, JR., | ) | No. C 14-4791 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO |
| v. | ) ) | FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH |
| J. CRUZEN, et al., | ) ) | MOTION |
| Defendants. | ) ) | (Docket No. 4.) |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service upon the defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    <u>Legal Claims</u>

Plaintiff alleges that he is a practicing Muslim currently incarcerated at San Quentin State Prison ("SQSP"). To comply with his religious beliefs, plaintiff is required to pray five times a day at specific times. According to plaintiff's religious beliefs, Muslims receive twenty-seven times more blessings during congregational prayers as opposed to individual prayers. Prior to May 2014, SQSP officials prohibited SQSP Muslims from participating in congregational prayer in groups of more than four prisoners at a time. On the other hand, Christian groups were permitted congregational prayers of approximately twenty-five people at a time.

On May 14, 2014, after plaintiff was granted a religious accommodation group appeal, Muslim prisoners were permitted to participate in congregational prayer in groups of no more than fifteen prisoners at a time. From June 28, 2014 through July 25, 2014, Muslim prisoners in the West Block of SQSP were permitted daily congregational prayer without interruption. However, on July 25, 2014, in the middle of congregational prayer, defendant Correctional Sergeant J. Cruzen gave the Muslim prisoners a direct order to stop praying. The Muslim prisoners attempted to explain to Sergeant Cruzen and defendant Correctional Officer D. Ogle that the Associate Warden had issued a memorandum authorizing Muslim congregational prayer of no more than fifteen prisoners at a time. Sergeant Cruzen and Officer Ogle observed that the memorandum allowing congregational prayer was not signed, and ordered the Muslim prisoners to disperse.

Liberally construed, plaintiff has stated a cognizable claim that defendants violated his First Amendment right to free exercise of his religion; violated the First Amendment Establishment Clause; violated his First Amendment right against retaliation for exercising plaintiff's right to practice Islam; violated his right to equal protection; and violated the Religious Land Use and Institutionalized Persons Act.

Although plaintiff also names Correctional Officer C. Caldera and Correctional Officer R. Christensen in the portion of the complaint that lists the individual defendant parties, plaintiff does not allege any facts against these defendants in his complaint.  Thus, Correctional Officer C. Caldera and Correctional Officer R. Christensen are DISMISSED without prejudice.

The court notes that this complaint is filed jointly by plaintiff and another inmate named Khalifah A. Saif'ullah.  "A district court possesses inherent power over the administration of its business." *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995).  This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. *Id.* (citations omitted).  Courts have broad discretion regarding the permissive joinder of parties.  Fed. R. Civ. P. 20, 21; *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (recognizing that under Rule 20(a), joinder is proper if "(1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action," and then courts must consider whether permissive joinder "would comport with the principles of fundamental fairness or would result in prejudice to either side.").

Here, even assuming that the requirements for Rule 20(a) are satisfied, the court finds that actions brought by multiple *pro se* prisoners present unique problems not presented by ordinary civil litigation.  For example, transfer of one or both plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.  Further, the need for both plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of both plaintiffs may lead to further delays and confusion, which does not promote efficiency.  To avoid the potential prejudice to individual plaintiffs and delayed case management, therefore, the court will not allow joinder of the prisoner-plaintiffs. *See, e.g.*, *Webb v. California Dept. of Corrections and Rehabilitation*, No. 14-cv-01528-MJS (PC), 2014 WL 5361961, at *2 (E.D. Cal. Oct. 21, 2014) (denying request to permit joinder of incarcerated co-plaintiffs because the logistics of case management "becomes impossibly burdensome"); *Pratt v. Hedrick*, No. 13-4557 SI (pr), 2014 WL 280626, at *5 (N.D. Cal. Jan. 24, 2014) (denying motion to join

additional plaintiffs because of the potential of delays and confusion). Moreover, because neither plaintiff has the authority to represent the other, the court cannot certify Muslim prisoners as a class. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."). Plaintiff Khalifah A. Saif'ullah is therefore DISMISSED. Mr. Saif'ullah may commence a separate civil rights action to litigate his claims.

## CONCLUSION

1.      Defendants C. Caldera and R. Christensen are DISMISSED without prejudice. Plaintiff Khalifah A. Saif'ullah is DISMISSED without prejudice. Mr. Saif'ullah's motion for leave to proceed in forma pauperis is DENIED as moot. (Docket No. 4.) Plaintiff's request to certify Muslims prisoners as a class is DENIED.

2.      The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Correctional Sergeant J. Cruzen and Correctional Officer D. Ogle** at **San Quentin State Prison**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer

shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    No later than **sixty (60) days** from the date the waivers are sent from the court, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    6.    Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    8.    All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    10.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3       IT IS SO ORDERED.
4  DATED: 2/24/2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge